**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NOS. A-4665-15T1
                A-1923-16T1

S.G.,

      Plaintiff-Appellant,

v.

F.G.,

      Defendant-Respondent.

_____

S.G.,

      Plaintiff-Respondent,

v.

F.G.,

      Defendant-Appellant.

_____

      Submitted October 17, 2018 – Decided February 1, 2019

      Before Judges Alvarez and Reisner.

On appeal from Superior Court of New Jersey, Chancery Division, Family Part, Bergen County, Docket No. FM-02-0303-13.

Joseph & Smargiassi, LLC, attorneys for appellant S.G. in A-4665-15 and respondent S.G. in A-1923-16 (Mario A. Joseph, of counsel; John Smargiassi, on the briefs).

Newsome O'Donnell, LLC, attorneys for respondent F.G. in A-4665-15 and appellant F.G. in A-1923-16 (Edward J. O'Donnell, of counsel; Edward J. O'Donnell and Rebecca E. Frino, on the briefs).

PER CURIAM

These two appeals, which we consolidate for purposes of this opinion, arise from a May 25, 2016 final judgment of divorce, entered after a twenty-two day trial between plaintiff-husband S.G. and defendant-wife F.G.[1] Assignment Judge Bonnie J. Mizdol issued a sixty-three page written opinion, making detailed credibility determinations and factual findings, and exhaustively addressing all of the relevant factors pertaining to equitable distribution, alimony, and counsel fees.[2]

---

[1] We use the parties' initials because the case involves allegations of sexual assault and domestic violence. We addressed the relevant evidence in detail in our earlier opinion arising from the parties' domestic violence trial. S.G. v. F.G., No. A-4646-13 (App. Div. Mar. 16, 2016).

[2] The judge later entered a series of amended judgments, dated July 28, 2016, August 1, 2016, November 2, 2016, and November 29, 2016. The first three

Each party has challenged portions of the divorce judgment. Defendant contends that the judge erred in determining that certain of plaintiff's assets were premarital and exempt from equitable distribution; that the judge erred in applying collateral estoppel concerning a finding that defendant spoliated evidence; and the judge erred in determining that one of the parties' business concerns had no value. Plaintiff disagrees with those points and contends that defendant's appeal is untimely and barred by judicial estoppel. In his own appeal, plaintiff asserts that the judge should not have equally divided the marital asserts, due to defendant's wrongdoing and lack of contribution to the marital enterprise; the court erred in deciding the amount and duration of

amended judgments corrected mathematical errors in the initial judgment and adjusted certain dates for compliance. The November 29 amendment extended plaintiff's time to post a supersedeas bond; the parties did not brief that issue, and any objection to the timing issue is waived. Pertinent to this appeal, the judge issued an oral opinion on July 28, 2016, and a written statement of reasons with the July 28 amended judgment. She issued a written opinion with the August 1, 2016 amended judgment. She issued an oral opinion on October 28, 2016, stating her reasons for the November 2, 2016 amended judgment, and also issued a written statement of reasons for the November 2 amendment. Plaintiff amended his notice of appeal to include the first two amendments. Defendant's appeal included all four amendments. Defendant's notice of appeal was filed within seventy-five days after the last substantive amended judgment on November 2, 2016, and in the interests of justice we deem her January 12, 2017 notice of appeal to be timely.

alimony; the court erred in distributing certain premarital assets to defendant[3]; and the court abused discretion in denying plaintiff's application for counsel fees. We find no merit in any of the parties' respective arguments, and except as briefly addressed in this opinion, they do not warrant further discussion. R. 2:11-3(e)(1)(E).

In deciding this appeal, we do not write on a clean slate. We owe tremendous deference to Judge Mizdol's expertise and her evaluation of witness credibility. See Cesare v. Cesare, 154 N.J. 394, 411-13 (1998); M.G. v. S.M., __ N.J. Super. __, __ (App. Div. 2018) (slip op. at 7-8). We will not disturb the judge's factual findings so long as they are supported by substantial credible evidence. Cesare, 154 N.J. at 411-12. Absent an abuse of discretion, we will not interfere with the judge's distribution of marital assets, award of alimony, and decision whether to award counsel fees. See Clark v. Clark, 429 N.J. Super. 61, 71 (App. Div. 2012); Gonzalez-Posse v. Ricciardulli, 410 N.J. Super. 340, 354 (App. Div. 2009); Strahan v. Strahan, 402 N.J. Super. 298, 317 (App. Div. 2008). We review a trial court's legal interpretations de novo, but we review

---

[3] In the third amended judgment dated November 2, 2016, Judge Mizdol gave plaintiff credit for additional premarital assets and reduced defendant's equitable distribution award accordingly. As previously noted, plaintiff did not appeal from that order.

evidentiary rulings for abuse of discretion. See Estate of Hanges v. Metro. Prop. & Cas. Ins. Co., 202 N.J. 369, 382-83 (2010).

After carefully reviewing the extensive record, including the trial transcripts, we find no basis to disturb the judge's credibility determinations or her evaluation of the experts' financial testimony. The judge's factual findings are supported by substantial credible evidence. In light of the facts the judge found and the testimony she deemed credible, we find no abuse of discretion or other legal errors in her apportionment of assets between the parties, her award to defendant of temporary alimony, and her determination that each party should bear his or her own counsel fees. We affirm the divorce judgment and amended judgments, substantially for the reasons Judge Mizdol stated in her written opinion accompanying the final divorce judgment, and the oral and written opinions she issued with the amended judgments on appeal. We add the following comments.

The trial evidence is detailed in Judge Mizdol's May 25, 2016 opinion, and a brief summary will suffice here. The parties' marriage lasted seven years, during which they lived a very affluent lifestyle. At all times, plaintiff was a high-earning financial professional. Defendant was trained as an ultrasound technician, but at plaintiff's request, she did not work during the marriage.

The divorce was highly acrimonious. Around the time of the divorce filing, each party accused the other of domestic violence (DV). After a twenty-day DV trial, in which both sides were represented by counsel, Judge Mary F. Thurber found, among other things, that defendant threatened plaintiff with a knife, falsely accused plaintiff of sexually assaulting her, and intentionally destroyed some of plaintiff's computerized financial records. Judge Thurber found that the destruction of the computer records was part of defendant's campaign of harassment against plaintiff, and it was one of the reasons plaintiff needed a final restraining order (FRO).[4] In affirming Judge Thurber's decision on appeal, we cited defendant's intentional destruction of plaintiff's computerized financial records as one factor supporting issuance of the FRO. S.G. v. F.G. (slip op. at 10-11).

In the divorce trial, Judge Mizdol applied the doctrine of collateral estoppel in determining that defendant intentionally destroyed the computer records. However, Judge Mizdol based her decision about the content of the destroyed records on the testimony she heard in this case. After finding that the records consisted of spreadsheets and other documents tracking plaintiff's

---

[4] In addition to issuing the FRO, Judge Thurber ordered defendant to pay plaintiff approximately $142,000 in compensatory damages.

A-4665-15T1

premarital assets, Judge Mizdol sanctioned defendant for spoliation of evidence by drawing a negative inference against her concerning the destroyed records.

We find no error in the application of collateral estoppel. The record-destruction issue was fully litigated in the first trial, and the discrete finding – that defendant intentionally destroyed the computer records – was an essential component of Judge Thurber's decision. See Pivnick v. Beck, 326 N.J. Super. 474, 485 (App. Div. 1999). We also find no abuse of Judge Mizdol's discretion in her choice of a sanction for the spoliation of evidence. See Rosenblit v. Zimmerman, 166 N.J. 391, 402-03 (2001).

Next, we briefly address the valuation of a financial management business that the parties created during the marriage. After hearing testimony from the parties and their respective financial experts, Judge Mizdol concluded that the business had steadily lost value despite plaintiff's good faith efforts to keep the company going. She concluded that by the time of the divorce filing in July 2012, the fair value of the business was zero. In reaching that conclusion, the judge considered that defendant's valuation expert used projected rather than actual financial figures for 2012, and she found the approach espoused by plaintiff's expert – using actual numbers – to be more reliable. We find no basis

A-4665-15T1

to second-guess the judge's reasonable evaluation of the expert testimony. See In re Accutane Litigation, 234 N.J. 340, 390-91 (2018).

We find no error in the judge's decision that a portion of plaintiff's 2005 bonus, earned through plaintiff's work efforts prior to the parties' August 2005 marriage, was a premarital asset. See Thieme v. Aucoin-Thieme, 227 N.J. 269, 286-87 (2016). Defendant's factual assertions about the bonus, and the reasons it was awarded, are not supported by any citations to the record.

The parties' remaining arguments are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4665-15T1